SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV–14–361

| | |
|---|---|
| IN RE ADOPTION OF J.J. AND J.S. | **Opinion Delivered** November 19, 2014 |
| JUDY ROGGE<br>APPELLANT | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT<br>[NO. P 2013-518-4] |
| V. | |
| | HONORABLE STACEY ZIMMERMAN, JUDGE |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES<br>APPELLEE | AFFIRMED |

## RITA W. GRUBER, Judge

In an order of January 2, 2014, the Circuit Court of Washington County denied Judy Rogge's petition to adopt her biological grandchildren J.J. (born on January 21, 2009) and J.S. (born on May 7, 2003). Ms. Rogge now appeals, challenging only the court's finding that it was not in the children's best interest that she adopt them. We affirm.

The circuit court's order set forth the following history of the case. J.J. and J.S. went into foster care in August 2011 after being removed from the custody of their mother, Ms. Rogge's daughter, due to her instability and unstable relationships. The children were adjudicated dependent-neglected in September 2011 on the court's finding that the mother had left J.S. alone overnight while she was fighting with her boyfriend and using meth. At the probable-cause hearing in August 2011, the court authorized placement with Ms. Rogge

contingent on home-study approval.[1] Arkansas Department of Human Services (ADHS) did not approve the placement, and the mother's parental rights were eventually terminated due to her continued noncompliance and instability.[2] The court found in its order terminating parental rights that the children could not be placed with Ms. Rogge because she was listed on the central child-abuse registry for abuse to one of her children, that Ms. Rogge had gone to J.S.'s elementary school despite a no-contact order and despite knowing that she was not to contact him, and that there had been reports of her driving by the foster parent's home. On these findings, the court concluded that placement of the children with Ms. Rogge was not in the children's best interest.

Ms. Rogge filed her petition for adoption in August 2013, and the circuit court conducted its hearing in September 2013.[3] In its written order, the circuit court denied the petition on the basis of two findings: that ADHS was not withholding consent unreasonably and that it was not in the children's best interest for her to adopt them. Citing our statutory requirement that consent to adoption be given by the children's custodian, the court noted that consent had been withheld in this case by the custodian, ADHS. The court also noted that it had found Ms. Rogge in contempt the day before the hearing for having contact with

---

[1]A relative of a juvenile in ADHS custody shall be given preferential consideration for placement if the relative caregiver meets all relevant child protection standards and it is in the best interest of the juvenile to be placed with the relative caregiver. Ark. Code Ann. § 9-27-355(b)(1) (Supp. 2013).

[2]*See Jimmerson v. Ark. Dep't of Human Servs.*, 2013 Ark. App. 341 (affirming the circuit court's order terminating parental rights).

[3]The circuit court conducted the hearing on Ms. Rogge's petition for adoption before conducting a hearing on a separate petition for adoption filed by the foster parents.

SLIP OPINION

the children.

Ms. Rogge contends that the circuit court erred in finding that it was not in the children's best interest that she adopt them. We agree with appellee that even if the circuit court had found adoption by Ms. Rogge to be in the children's best interest, dismissal would still be proper because the issue of consent remained.

Arkansas Code Annotated § 9-9-206(a) (Supp. 2013) requires, in pertinent part, that consent to adoption must be given by a minor's lawful custodian unless consent is not required under Ark. Code Ann. § 9-9-207 (Repl. 2009). The lawful custodian's consent is not required if the custodian is found by the court to be withholding consent unreasonably. Ark. Code Ann. § 9-9-207(a)(8) (Repl. 2009). Thus, a trial court may grant a petition for adoption if it determines that the required consents have been obtained or excused *and* that the adoption is in the best interest of the child. *Cowan v. Arkansas Dep't of Human Servs.*, 2012 Ark. App. 576, 424 S.W.3d 318. At trial in the present case, no evidence was pleaded or presented by Ms. Rogge on the issue of consent. *See id*. at 15, 424 S.W.3d at 327 (noting the absence of argument that ADHS's consent was either obtained or unnecessary).

Ms. Rogge challenges only the circuit court's best-interest determination and fails to challenge the court's finding that ADHS was not unreasonably withholding consent to the adoption. Because consent was required, we need not address any argument regarding the court's finding that it was not in the children's best interest that Ms. Rogge adopt them.

Affirmed.
WYNNE and BROWN, JJ., agree.
*John R. VanWinkle*, for appellant.
*Tabitha Baertels McNulty*, Office of Policy & Legal Services; and *Chrestman Group, PLLC*, by: *Keith Chrestman*, for appellees.