SLIP OPINION

Cite as 2015 Ark. App. 69

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-14-623

| | |
|---|---|
| BRENDA MODE AND CALVIN MODE<br><br>APPELLANTS<br><br>V.<br><br>ARKANSAS DEPARTMENT OF HUMAN SERVICES and MINOR CHILDREN<br><br>APPELLEES | **OPINION DELIVERED** FEBRUARY 11, 2015<br><br>APPEAL FROM THE PERRY COUNTY CIRCUIT COURT [NO. PR–2013-17]<br><br>HONORABLE WILEY A. BRANTON, JR., JUDGE<br><br>AFFIRMED |

### ROBERT J. GLADWIN, Chief Judge

On April 11, 2014, the Perry County Circuit Court dismissed Brenda and Calvin Mode's petition for adoption, finding that they had presented no evidence that appellee Arkansas Department of Human Services (DHS) consented to the adoption or that DHS was unreasonably withholding its consent. On appeal, appellants argue that the circuit court's decision was clearly against the preponderance of the evidence. We affirm.

Appellants, the maternal grandmother and step-grandfather, filed a petition on April 29, 2013, seeking to adopt their four grandchildren, J.A.H., A.F.D., G.A.D., and T.A.A. They alleged in their petition that they did not have certified copies of the children's birth certificates; that the children were in DHS custody; that the children's mother's parental rights had been terminated on January 23, 2013; and that it would be in the children's best interest to be placed with them.

SLIP OPINION

At the adoption hearing held March 13, 2014, appellant Brenda Mode testified that her daughter, mother of the four children, was living in a trailer next door when the four children were taken from her into DHS custody in 2011. During the pendency of the DHS case, appellant was granted visitation with the children every week. The oldest child had previously been taken into DHS custody in 2006 because of the mother's drinking. Appellant had temporary custody of that child for about a year before that case was closed and the child was returned to her mother. Appellant testified that she had filed for guardianship of the four children but was not awarded guardianship because of her close relationship with her daughter, the children's mother.[1]

Appellant stated that she had ended her relationship with her daughter in October 2012, when the daughter had her parental rights terminated because she had failed a drug test. She said that her daughter no longer lived next door, and she is not welcome in appellants' home. Appellant said that the children's ages were eight, seven, six, and four, and the last time she had seen them was in February 2013. She said that she did not miss a visit while the children were in DHS custody, even though DHS had made it difficult to visit. She testified that DHS had not been supportive of her visits because "they th[ought] I was enabling my daughter. They did not come out and say it." Appellant said that she lived in Morrilton and had worked at Semco for the last five years, making $14.94 per hour, and had a house in Houston, Arkansas, that she rented out.

---

[1]The guardianship petition is not included in the record; therefore, this court is unaware of the time-frame in which the guardianship was filed, other than it was sought and denied before the adoption petition was heard.

On cross-examination, appellant testified that the children were placed in foster care in 2011 because of a bruise on A.F.D. She said that it was alleged that her daughter had hit the child. She said that she did not know what happened because she did not witness the incident. She said that she took the position at the time that it had been an accidental injury. She explained that she knew the children had "bumped heads" and felt that the bruise could have resulted from that.

The circuit court examined the witness, and she testified that she had been married for twenty-three years and had four children. Her first husband died in 1999. She married appellant Calvin Mode on January 4, 2013, after having lived with him for eleven or twelve years. She said that they got married because they wanted to adopt the children. She testified that she had "disassociated" herself from her daughter because of her daughter's drug use. She said that she had not seen her daughter for over a year and that she and her husband told her daughter not to come back.

Appellant Calvin Mode testified that he and his wife had been together since 2001, but married when they planned to adopt the grandchildren. He said that they lived in Morrilton and that he worked at Arkansas Kraft making $26 an hour. He said that he was present with the children the night before DHS took them into custody. He explained that the two oldest children had been playing with the dog, and the dog jumped up and licked J.A.H.'s face. When that happened, J.A.H. "popped up" and hit A.F.D.'s face. He said that he had never seen the children's mother hit them, but that the children would say that "Momma's mean to me." He said that he was there when DHS first took J.A.H. in 2006, and he was there

when all four children were born. He said that the children would stay with them for long weekends. He never saw the children's mother use drugs, but he said that he always thought she had "PDA or whatever disease where she kind of laughs and cries." He stated that the last time he saw the children's mother she was in court and failed the drug test. He said that she was not welcome in his home and would never be because he loved his grandchildren. He said that he had not refused to submit to a background check and has had one. He said that he loved the children and would give them a good education and supply what they needed. He said that he disciplines by using a time-out and would not spank them. He claimed that he was financially able to provide for the children and had insurance through his work. He said that he was not concerned about the children's mother because "she is not coming around me."

DHS moved for a directed verdict, arguing that pursuant to Arkansas Code Annotated section 9-9-212 (Supp. 2013), the adoption petition did not include FBI background checks. Also, DHS claimed that the birth certificates were not provided. Further, DHS argued that under Arkansas Code Annotated section 9-9-206 (Supp. 2013), consent was not provided from DHS, and the petitioner did not present any evidence that DHS had unreasonably withheld its consent. Finally, DHS asserted that a home study was attached to the petition for adoption, but it was not presented to the circuit court as evidence at the hearing. The attorney ad litem agreed with DHS's arguments.

Appellants argued that the home study had been filed of record and that they did not have access to the birth records of the children. They argued that the background checks had

not been done, but that the issue could be remedied. They argued that the testimony revealed that DHS unreasonably withheld its consent because appellants had "made significant progress since the last time they were in court." They argued that the court's concerns about the "intertwined relationship between [appellant Brenda] Mode and the mother have been satisfied." They claimed that, considering the close relationship they had with the children prior to 2011, it would be in the children's best interest that the adoption be granted or at least survive the directed-verdict motion.

The circuit court ruled that appellant did not comply with the statutory requirements in that the FBI background checks were not submitted as evidence and the birth certificates were not placed in the record. The court further stated,

> Ultimately, the larger issue is that there wasn't any evidence put forth from which this court could make a decision that the agency was unreasonably withholding its consent and that it was in the best interests of the children for this adoption to be approved. There is a statutory requirement to submit the agency's consent, and then the agency has 60 days to file its written reasons why it's not, but that request does not appear to have been made.

> The case that was presented was on Ms. Mode's part, I'm the grandmother, and I want to adopt the children. I believe that she does want to adopt the children, but those facts alone do not demonstrate that it's in the best interests of the children for them to be adopted by her and her new husband. I believe that petitioner has failed to put forth a prima facie case upon which the court could approve the adoption petition. There were statutory deficiencies; and, at the end of the day, I cannot say upon this record that there's any sufficient evidence from which this court could make a finding this adoption would be in the best interest of the children. I grant the motion for directed verdict.

The circuit court's order dismissing the petition was filed on April 11, 2014, and this appeal timely followed.

Before an adoption petition can be granted, the circuit court must find from clear and convincing evidence that the adoption is in the best interest of the child. *In re Adoption of M.K.C.*, 2009 Ark. 114, 313 S.W.3d 513. We will not reverse a circuit court's decision regarding the best interest of a child to be adopted unless it is clearly against the preponderance of the evidence, giving due regard to the opportunity and superior position of the circuit court to judge the credibility of the witness. *Id.*

Arkansas Code Annotated section 9-9-206(a)(3) states that "a petition to adopt a minor may be granted only if written consent to a particular adoption has been executed by any person lawfully entitled to custody of the minor or empowered to consent." An exception to this requirement exists if the guardian "has failed to respond in writing to a request for consent for a period of sixty (60) days or who, after examination of his or her written reasons for withholding consent, is found by the court to be withholding his or her consent unreasonably." Ark. Code Ann. § 9-9-207(a)(8) (Repl. 2009). This code provision grants the circuit court the authority to decide whether DHS, as the legal guardian of the children, had unreasonably withheld its consent to adopt. There was no evidence that appellants sought DHS's consent.

Arkansas Code Annotated section 9-9-214 (Repl. 2009) provides in pertinent part:

(c) If at the conclusion of the hearing the court determines that the required consents have been obtained or excused and the required period for the withdrawal of consent and withdrawal of relinquishment have passed and that the adoption is in the best interest of the individual to be adopted, it may (1) issue a final decree of adoption; or (2) issue an interlocutory decree of adoption which by its own terms automatically becomes a final decree of adoption on a day therein specified, which day shall not be less than six (6) months nor more than one (1) year from the date of issuance of the decree, unless sooner vacated by the court for good cause shown.

(d) If the requirements for a decree under subsection (c) of this section have not been met, the court shall dismiss the petition and the child shall be returned to the person or entity having custody of the child prior to the filing of the petition.

Ark. Code Ann. § 9-9-214(c)–(d).

DHS and the attorney ad litem appointed to represent the children maintain that appellants failed to meet their burden under the code. We agree. Appellants had to prove two things: that all consents to the adoption had been obtained or waived, and that clear and convincing evidence proved that adoption by them was in the children's best interest. *Lewis v. Ark. Dep't of Human Servs.*, 2012 Ark. App. 347. The circuit court focused on appellants' failure to introduce any evidence regarding the consent by DHS. Appellants argue on appeal only that the evidence sufficiently established that the adoption of the children was in their best interest, claiming that they could have remedied the other issues regarding the background checks, home study, and birth certificates. However, appellants completely failed to address the issue of consent by DHS. Even if the circuit court had found the adoption to be in the children's best interest, the circuit court could not grant a petition without evidence that consent had been obtained or excused. *In re Adoption of J.J. and J.S.*, 2014 Ark. App. 659. No evidence was pled or presented by appellants at trial on the issue of DHS's consent. Thus, the circuit court was required to dismiss appellants' petition.

Affirmed.

VIRDEN and HIXSON, JJ., agree.

*J. Brooks Wiggins*, for appellant.

*Tabitha Baertels McNulty*, Office of Policy and Legal Services, for appellee.

*Chrestman Group, PLLC*, by: *Keith Chrestman*, attorney ad litem for minor children.