Cite as 2024 Ark. App. 428

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-23-286

|  |  |
|---|---|
| | Opinion Delivered September 18, 2024 |
| JOSHUA AND TAMARA DIXON | |
| APPELLANTS | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT |
| V. | [NO. 72PR-22-922] |
| | HONORABLE STACEY |
| ARKANSAS DEPARTMENT OF | ZIMMERMAN, JUDGE |
| HUMAN SERVICES, MINOR CHILD, | |
| AND MIRANDA VINEY | AFFIRMED |
| APPELLEES | |

## N. MARK KLAPPENBACH, Judge

Appellants Tamara and Joshua Dixon appeal from the order of the Washington County Circuit Court denying their petition to adopt a nearly two-year-old minor child (MC). We affirm the circuit court's order.

MC was born in January 2021 to Sydney Samuelson. Kody Holloway was the putative father. Shortly after her birth, MC was taken into custody by the Arkansas Department of Human Services (DHS). DHS placed MC and Holloway's two older children with Veda Viney-Moser, Holloway's aunt. In November 2021, MC was moved to the home of Miranda Viney, Viney-Moser's daughter. As the result of DNA testing performed in the dependency-neglect case, it was determined that Holloway is not MC's father. In February 2022, MC

was moved to the home of her maternal aunt and uncle, the Dixons.[1] At some point, the circuit court terminated the parental rights of Samuelson and any putative father. In September 2022, the Dixons filed a petition to adopt MC.

The adoption hearing was held on December 1, 2022. By that point, Viney had filed her own petition to adopt MC. The circuit court announced its intention to hear the Dixons' petition followed by Viney's petition, and no objections were made to proceeding in this manner. The court heard testimony in favor of the Dixons' adoption from the Dixons and the CASA volunteer. Viney and Viney-Moser testified in opposition to the Dixons' petition. During closing arguments, the attorney ad litem recommended that the court grant the Dixons' petition. DHS's attorney stated that "although nobody, I mean, nobody has requested consent, that is a requirement for the adoption of the juvenile. We do not have that consent today. I don't know that we have any reason to withhold that consent, but there is no consent that has been signed today, so that would be one requirement that needs to be met."

The circuit court announced its decision to deny the Dixons' petition on two grounds. First, no consent by DHS had been presented nor was there any proof that the Dixons had requested DHS's consent; accordingly, DHS's consent had not been obtained or waived. Second, the court found that it was not in MC's best interest that the Dixons' adoption petition be granted. The hearing was recessed with the court stating that Viney's

---

[1]Tamara Dixon is Sydney Samuelson's sister.

petition would be heard at a later date. The circuit court entered an order in accordance with its oral ruling, which the Dixons now appeal.

Before an adoption petition can be granted, the circuit court must find by clear and convincing evidence that the adoption is in the best interest of the child. *In re Adoption of K.M.*, 2015 Ark. App. 448, 469 S.W.3d 388. Furthermore, pursuant to Arkansas Code Annotated section 9-9-206(a)(3) (Repl. 2020), a petition to adopt a minor may be granted only if written consent to a particular adoption has been executed by any person lawfully entitled to custody of the minor or empowered to consent.[2] An exception to this requirement exists if the lawful custodian "has failed to respond in writing to a request for consent for a period of sixty (60) days or who, after examination of his or her written reasons for withholding consent, is found by the court to be withholding his or her consent unreasonably." Ark. Code Ann. § 9-9-207(a)(8) (Repl. 2020). Here, DHS was the lawful custodian whose consent must have been obtained or waived.

Arkansas Code Annotated section 9-9-214(c) (Repl. 2020) provides in pertinent part that if at the conclusion of the adoption hearing the court determines that the required consents have been obtained or excused and the required period for the withdrawal of consent and withdrawal of relinquishment have passed and that the adoption is in the best interest of the individual to be adopted, it may issue a decree of adoption. If the

---

[2]Pursuant to Arkansas Code Annotated section 9-9-208(a) (Supp. 2023), the consent of an agency, such as DHS, shall be executed "by the executive head or other authorized representative, in the presence of a person authorized to take acknowledgments."

requirements for a decree under subsection (c) have not been met, the court shall dismiss the petition, and the child shall be returned to the person or entity having custody of the child prior to the filing of the petition. Ark. Code Ann. § 9-9-214(d).

The Dixons acknowledge that they did not obtain DHS's consent to the adoption; however, they argue that consent was excused either because DHS did not respond within sixty days to their request for consent or because DHS unreasonably withheld consent. The Dixons claim that their petition sought DHS's consent, that DHS's appearance at the hearing shows it was aware of the petition, and that DHS failed to respond to the request for consent. We disagree. The petition states in paragraph 5 "[t]hat it is reasonably believed that the Department of Human Services will consent to the adoption." We hold that the allegation that the Dixons reasonably believed DHS would consent does not amount to a request for consent. Furthermore, when DHS's attorney stated at the hearing that no request for consent had been made, the Dixons made no attempt to dispute this claim.

The Dixons also claim that even if the petition had not sought DHS's consent, "it was still legal error for the circuit court to fail to examine the absence of 'any reason' for DHS to withhold consent." The Dixons argue that the statement of the DHS attorney at the hearing that "I don't know that we have any reason to withhold that consent" shows that DHS unreasonably withheld consent. Again, we disagree. The statute provides that DHS's consent would be excused if DHS has failed to respond in writing to a request for consent for a period of sixty days or, if after examination of DHS's written reasons for withholding consent, DHS is found by the court to be withholding its consent unreasonably. Ark. Code

4

Ann. § 9-9-207(a)(8). Adoption statutes are strictly construed. *Canerday-Banks v. Barton*, 2018 Ark. App. 523. Here, the evidence fails to show that the Dixons made a request for consent or that DHS provided written reasons for withholding consent. DHS cannot be said to have withheld consent unreasonably when such consent was never requested.

The Dixons were required to prove two things to succeed with respect to their petition to adopt MC: (1) that all necessary consents to the adoption had been obtained or waived, and (2) that clear and convincing evidence proved that their adoption is in MC's best interest. *Canerday-Banks*, *supra*. As in *Mode v. Arkansas Department of Human Services*, 2015 Ark. App. 69, and *In re Adoption of J.J.*, 2014 Ark. App. 659, the Dixons presented no evidence on the issue of consent, and the circuit court was required to dismiss their petition. Even if we agreed with the Dixons that the circuit court clearly erred in finding that the adoption was not in MC's best interest, dismissal was still proper. Accordingly, it is unnecessary to reach the Dixons' best-interest argument.

Affirmed.

ABRAMSON and BROWN, JJ., agree.

*Matt Kezhaya* and *Sonia Kezhaya*, for appellants.

*Jane Watson Sexton*, for separate appellee Miranda Viney.